SEACOAST LUMBER CO. v. CLYDE S. S. CO.

(Supreme Court, Appellate Division, First Department. January 19, 1912.)

SHIPPING (§ 141*)—CARRIAGE OF GOODS—LOSS BY FIRE—LIABILITY OF CARRIER.

> Under a bill of lading providing that, "if all or any part of said property is carried by water over any part of said route," such water carriage should be subject to the condition that the carrier should not be liable for damage from fire, the fact that the goods were transported a part of the route by railroad before being loaded on shipboard would not prevent the application of the exemption from liability in case the goods were destroyed by fire while in the water carrier's possession.
>
> [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 497–499; Dec. Dig. § 141.*]

Submission of controversy without action by the Seacoast Lumber Company against the Clyde Steamship Company. Judgment for defendant.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Harrington, Bigham & Englar (Henry J. Bigham, of counsel), for plaintiff.

Burlingham, Montgomery & Beecher (Norman B. Beecher, of counsel, and Ray Rood Allen, on the brief), for defendant.

CLARKE, J. In this case the facts are similar to those presented in Jennings v. Clyde Steamship Co., 133 N. Y. Supp. 298, decided herewith, with the exception that the goods were first transported by railroad to Jacksonville, Fla., and were there loaded upon the Onondaga, and were transported to Boston on the same voyage, and were destroyed in the same fire, under a similar bill of lading. The partial transportation by rail, preliminary to the transport by water, creates no different situation, and for the reasons stated in the Jennings Case judgment should be directed for the defendant, with costs. All concur.